IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NNEKA OKOYE** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-1295 |
| | : | |
| **THE CITY OF PHILADELPHIA** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                                                                                                APRIL 13, 2023

Plaintiff Nneka Okoye filed this *pro se* action against the City of Philadelphia. Okoye seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Okoye leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice.

**I.     FACTUAL ALLEGATIONS[1]**

Okoye alleges that her constitutional rights were violated in connection with a landlord-tenant action in Philadelphia County that resulted in her eviction. (Compl. at 3-4.) Specifically, Okoye asserts that her procedural due process rights were violated by Judge Joshua Roberts and the Pennsylvania Superior Court when they "ignore[ed] discovery that proved both illegal eviction, full payment of rent, and perjury. . . ." (*Id.* at 4.) A review of publicly available state records reveals that Okoye is a party to a landlord-tenant matter that was commenced in 2021 in Philadelphia Municipal Court by Loft Development LLC. *See Loft Development LLC v. Nneka Okoye*, LT-21-02-24-5184 (Phila. Mun. Ct.). Okoye appealed certain adverse rulings to the Court

---

[1] The following allegations are taken from the Complaint and public records from which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Okoye attached to her Complaint copies of various filings she submitted in connection with her state court matter, as well as several court documents. (*See* Compl. at 7-134.)

of Common Pleas of Philadelphia County, Civil Division, on June 24, 2021, and later to the Pennsylvania Superior Court.  *See Loft Development LLC v. Nneka Okoye*, Case ID No. 210601686 (Comm. Pleas Phila Cty.); *Loft Development LLC v. Nneka Okoye*, 1556 EDA 2022 (Pa. Super. Ct.).  Loft Development LLC's application to quash Okoye's appeal as untimely was granted by the Superior Court on October 13, 2022.  (Compl. at 21.)  It further appears that Okoye appealed this ruling to the Pennsylvania Supreme Court.  (*Id.* at 80.)  It appears that Okoye sought review of the actions of Judge Roberts, who presided over at least a portion of Okoye's case in the Court of Common Pleas, by submitting a Confidential Request for Investigation to the Judicial Conduct Board.  (*See id.* at 26-28.)  Okoye presently seeks monetary damages, as well as review of the state court process.  (*Id.* at 5.)

II.   **STANDARD OF REVIEW**

The Court grants Okoye leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774,

782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Okoye is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

The Court understands Okoye to allege Fourteenth Amendment due process claims based on the manner in which her landlord-tenant case was handled in state court. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for claims under § 1983. *See* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

As alleged, Okoye seeks to bring claims against the City of Philadelphia based on actions taken by Judge Roberts and the Pennsylvania Superior Court in connection with the state court landlord-tenant proceedings. According to Okoye, Judge Roberts and the Pennsylvania Superior Court denied her due process by ignoring evidence that would have been beneficial to her defense in the landlord-tenant matter. (*See* Compl. at 3-4.) However, "individual counties cannot be held liable for the actions of state court judges, who are part of the unified state court system." *Andresen*

*v. Pennsylvania*, No. 20-989, 2020 WL 9048845, at \*6 (M.D. Pa. Dec. 16, 2020) (internal quotations and citations omitted), *report and recommendation adopted*, No. 20-989, 2021 WL 1174497 (M.D. Pa. Mar. 29, 2021); *see Callahan v. City of Philadelphia*, 207 F.3d 668, 672-74 (3d Cir. 2000) (explaining that judges of the Pennsylvania Court of Common Pleas are part of the unified judicial system subject to the control of the Pennsylvania Supreme Court); *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). "Simply put, one cannot sue a county in federal court for civil rights violations arising out of the conduct of litigation in the county court of common pleas, since the courts are a state agency, and not part of county government." *Andresen*, 2020 WL 9048845, at \*6. Accordingly, Okoye's § 1983 claims against the City of Philadelphia based on the handling of the landlord-tenant matter by Judge Roberts and/or the Pennsylvania Superior Court will be dismissed with prejudice as implausible.[2]

---

[2] The Court notes that even if Okoye sought to bring claims for money damages against Judge Roberts, a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" *Capogrosso*, 588 F.3d at 184 (citations omitted). Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted). A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). It appears that the behavior of which Okoye complains arises from judicial determinations Judge Roberts made in the course of the landlord-tenant matter in the Court of Common Pleas, Philadelphia County Civil Division. Okoye has not alleged any facts that would show that Judge Roberts acted in the absence of jurisdiction.

To the extent the money damages claim under § 1983 can be liberally construed to have been brought against the Court of Common Pleas for Philadelphia County, or the Pennsylvania Superior Court, such claim would not be plausible. As noted above, Pennsylvania state courts are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983. *See Will*, 491

## IV. CONCLUSION

For the foregoing reasons, Okoye's § 1983 claims for damages against the City of Philadelphia will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal will be with prejudice because any amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*

---

U.S. at 65-66; *see also* 42 Pa. Cons. Stat. § 8521(b); *Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity.  As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . .  Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment.").

Okoye seeks to have this Court reverse the decisions of the state courts in the landlord-tenant dispute by granting her injunctive relief. (*See* Compl. at 5.)  However, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  It is not entirely clear whether the rulings of which Okoye complains are "final judgments" for purposes of *Rooker-Feldman*. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).  To the extent that the complained of rulings are final judgments, the Court would be barred from review.  *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010) (*Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments) (citations and quotations omitted); *Pittman v. Viamonte Invs. Grp., LLC*, No. 20-1107, 2021 WL 1169547, at *2 (7th Cir. Mar. 29, 2021) ("[T]here is no federal subject-matter jurisdiction over Pittman's claims for injuries caused by the state court judgment in the eviction proceedings.  This covers the majority of his claims because it was the state court that caused his primary injury: the eviction and its collateral effects."); *Johnson-Bey v. Fitzgerald*, No. 21-941, 2022 WL 610714, at *3 (D. Del. Jan. 7, 2022) (finding court could not exercise jurisdiction over claimed constitutional violations stemming from unfavorable state court landlord-tenant judgment).